IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-4968

---

BREAUX BROTHERS FARMS, INC.,

                                        Plaintiff-Appellee,

TECHE PLANTING CO., INC. and
FRANCIS PAT ACCARDO,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

TECHE SUGAR CO., INC.,
SOUTH COAST SUGARS, INC.,

                                        Defendants-Appellants,
                                        Cross-Appellees.
**********************************************************************

TECHE PLANTING CO., INC.,
FRANCIS PAT ACCARDO,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                    versus

TECHE SUGAR CO., INC.,
SOUTH COAST SUGARS, INC.,

                                        Defendants-Appellants,
                                        Cross-Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana
(6:90-CV-2536)

---

(June 10, 1994)

Before WISDOM, HIGGINBOTHAM, and JONES, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:[*]

Breaux Brothers Farms, Teche Planting, and Francis Pat Accardo sought relief from an alleged tying arrangement instituted by Teche Sugar and South Coast Sugars. Breaux Brothers entered the arrangement, and Teche Planting and Accardo refused to do so. We found the tying arrangement, if one existed, not to violate antitrust law. We deny rehearing for the reasons stated in our opinion.[1]

Teche Planting and Accardo also seek augmentation of the amounts awarded to them by the district court for work performed before negotiations over renting the land failed. The district court found ambiguous the agreement that Teche Sugar would compensate Teche Planting and Accardo for the expenses they incurred during lease negotiations. The court appropriately appealed to the Civil Code for guidance in resolving the ambiguity.[2] The court compared the agreement to one between an owner of land and a lessee who improves the land, the legal relationship which most closely resembled Teche Sugar's arrangement with Teche Planting and Accardo.[3] To determine the value of the

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] Breaux Brothers Farms v. Teche Sugar Co., No. 92-4968 (May 4, 1994).

[2] See La. Civ. Code art. 2054.

[3] See La. Civ. Code Art. 2726.

expenses allowed according to this approach, the court appropriately did not include overhead expenses and profit.[4]

Teche Planting and Accardo claim that the district court mistook Teche Sugar for the owner of land when in fact Teche Sugar merely let the land. The court did not, however, make this error. The court merely employed the relationship between land owner as lessor and farmer as lessee as an instructive analogy. The court acted appropriately in doing so.

Teche Planting and Accardo also request reimbursement for costs that the court disallowed. The court estimated the work and material that Teche Planting and Accardo provided in anticipation of the lease and from which they would not benefit. The repairs improved the equipment that Teche Planting and Accardo took with them when they left the farmland. Moreover, the district court's disallowance of the cost of renting equipment finds adequate support in the possibility that the farmers would have possessed the equipment regardless of the expectation of a lease.

We find the legal basis of the court's award sound, and conclude that the court did not make any clearly erroneous factual findings in refusing to require Teche Sugar to reimburse Teche Planting and Accardo for repair work from which they would later benefit or by disallowing rental expenses. The district court award stands in regard to the amount owed Teche Planting and Accardo.

Petition for panel rehearing is denied.

---

[4] Cross-appellants acknowledge as much.

3